Clint B. REINHART

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 25, 2008.

Decided April 3, 2008.

Terrance M. Edwards, Asst. Counsel and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

No appearance entered on behalf of appellee.

BEFORE: LEADBETTER, President Judge, PELLEGRINI, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

The Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department) appeals an order of the Court of Common Pleas of Lehigh County (trial court), which reduced the duration of Clint B. Reinhart's (Licensee) driver license suspension from two years and six months to one year. The Department suspended Licensee's operating privileges because of three criminal convictions arising from a single accident: reckless driving; failing to stop his vehicle at an accident scene where

sembly intended "prompt" notice to apply to notice provided more than two months after

receipt.

death or personal injury was involved; and driving under the influence of alcohol (DUI). To reduce Licensee's suspension period, the trial court merged two of the criminal convictions into the DUI conviction as a single criminal episode for purposes of determining the appropriate period of Licensee's suspension. Concluding that the convictions for the three offenses did not merge as a single criminal episode for purposes of determining the civil sanction on Licensee, we reverse the trial court.

The facts in this appeal are not in dispute. Licensee was involved in a serious automobile accident on April 9, 2006, and was charged with numerous criminal offenses.[1] On February 7, 2007, Licensee pled guilty to driving under the influence of alcohol or controlled substance, 75 Pa. C.S. § 3802(a)(1); leaving the scene of an accident involving death or personal injury, 75 Pa.C.S. § 3742(a); and reckless driving, 75 Pa.C.S. § 3736.

On March 1, 2006, the Department sent Licensee three separate notices suspending his driving privileges. The first notice suspended his license for one year, effective February 7, 2007, for his DUI conviction under Section 3802(c) of the Vehicle Code.[2] This one-year suspension was authorized by 75 Pa.C.S. § 3804(e)(1)(i).[3] The second notice suspended his license for one year, effective February 7, 2008, for his conviction under Section 3742(a) of the Vehicle Code (leaving the scene of an accident involving death or personal injury).[4] The third notice suspended his license for six months, effective February 7, 2009, for his reckless driving conviction under Section 3736 of the Vehicle Code.[5]

1. Licensee was charged as follows: 75 Pa. C.S § 3802(a)(1) (relating to driving under the influence of alcohol or controlled substance); 75 Pa.C.S. § 3742(a) (relating to accidents involving death or personal injury); 18 Pa.C.S. § 6308(a) (relating to the purchase, consumption, possession or transportation of liquor or malt or brewed beverages); 75 Pa.C.S. § 3309(1) (relating to driving within roadways laned for traffic); 75 Pa.C.S. § 3323(b) (relating to stop signs and yield signs); 75 Pa.C.S. § 3714 (relating to careless driving); 75 Pa.C.S. § 3736(a) (relating to reckless driving); 75 Pa.C.S. § 3744(a) (relating to the duty to give information and render aid); 75 Pa.C.S. § 3745(a) (relating to accidents involving damage to unattended vehicles or property); 75 Pa.C.S. § 3746(a)(1) (relating to providing notice of an accident to a police department); and Section 13 of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113(a)(31)(i) (relating to possession of a small amount of marijuana).

2. It states:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individuals blood or breath is 0.16 or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.
75 Pa.C.S. § 3802(c).

3. It states:

(1) The department shall suspend the operating privilege of an individual ... upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
(i) an offense under section 3802;
75 Pa.C.S. 3804(e)(1)(i).

4. It states, in relevant part, as follows:

The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid).
75 Pa.C.S. 3742(a).

5. It states, in relevant part, as follows:

The latter two suspensions were authorized by 75 Pa.C.S. §§ 1532(a), (b).[6]

Licensee appealed all three suspensions. At the hearing before the trial court, Licensee argued that because the conviction for each offense arose from a single accident, it was a single criminal episode. Accordingly, the offenses should have been merged for the purposes of calculating his license suspension. Licensee relied upon the Pennsylvania Supreme Court's decision in *Freundt v. Department of Transportation, Bureau of Driver Licensing*, 584 Pa. 283, 290, 883 A.2d 503, 507 (2005), in which the Supreme Court stated that "since a conviction of an offense is a conviction stemming from a criminal episode, an offense for the purpose of [75 Pa. C.S] § 1532(c) is a single criminal episode." The trial court agreed with Licensee's argument. Accordingly, the trial court denied Licensee's appeal of the DUI suspension and sustained the two other appeals, which resulted in a license suspension of one year. The trial court noted, however, the issue was not one of "merger" because none of the charges for which Licensee was convicted was a lesser included offense of another. The Department appealed.

On appeal,[7] the Department contends that the trial court erred. It contends that the "single criminal episode" analysis in *Freundt* used by the trial court applies to crimes other than moving violations. It contends that the "lesser included offense" analysis employed by the Supreme Court in *Drabic v. Department of Transportation, Bureau of Driver Licensing*, 588 Pa. 670, 906 A.2d 1153 (2006), is the appropriate analysis to apply here. We agree.

In *Freundt*, the licensee was charged with sixteen counts of violating Section 13(a)(12) of the Controlled Substance, Drug, Device and Cosmetic Act (Controlled Substance Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–113(a)(12). The criminal information revealed that the sixteen charges brought against Freundt were premised on the unlawful acquisition of sixteen distinct controlled substances during the period October 16, 1997, through June 30, 1997. The Department issued Freundt sixteen separate notices suspending her driving privileges, and she appealed. The trial court denied Freundt's appeals. This Court reversed, holding that the sixteen purchases constituted a single criminal episode because the Department did not establish

---

Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.
75 Pa.C.S. § 3736(a).

**6.** It states:
(a) The department shall suspend the operating privilege of any driver for one year upon receiving a certified record of the drivers conviction of or an adjudication of delinquency based on any of the following offenses:

\* \* \*

Section 3742 (relating to accidents involving death or personal injury)

\* \* \*

(b) The department shall suspend the operating privilege of any driver for six months

upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any offense under the following provisions:

\* \* \*

Section 3736 (relating to reckless driving)

\* \* \*

75 Pa.C.S. §§ 1532(a), (b).

**7.** Our review of a trial court's order sustaining a licensee's statutory appeal from an operating privilege suspension is limited to determining whether the trial court committed an error of law or abused its discretion, and whether necessary findings of fact are supported by substantial evidence. *Capone v. Department of Transportation, Bureau of Driver Licensing*, 875 A.2d 1228, 1230, n. 1 (Pa. Cmwlth.2005).

whether the unlawful acquisitions took place at one time, or whether resort to the "three and one-half month period" cited in the Criminal Information was because the substances were inventoried during this period. Regardless, there were no separate or distinct dates set forth in the individual counts, so it is just as likely as not that the 16 violations occurred during a single criminal episode.

*Freundt v. Department of Transportation, Bureau of Driver Licensing,* 804 A.2d 706, 713 (Pa.Cmwlth.2002).

The Pennsylvania Supreme Court affirmed. It reasoned that because the General Assembly used the word "conviction" at one point and the word "offense" at another point in Section 1532(c) of the Vehicle Code,[8] it must have meant for the words to have separate meanings. Therefore, the Court held

that since a conviction of an offense is a conviction stemming from a criminal episode, an offense for the purpose of § 1532(c) is a single criminal episode.

*Freundt v. Department of Transportation, Bureau of Driver Licensing,* 584 Pa. 283, 290, 883 A.2d 503, 507 (2005). On its face, then, it appears that the single criminal episode analysis should be undertaken only where the suspension is brought under 75 Pa.C.S. § 1532(c), which authorizes suspensions for crimes that have nothing to do with the operation of a motor vehicle,

such as the crime of possession of controlled substances.

In *Drabic v. Department of Transportation, Bureau of Driver Licensing,* 588 Pa. 670, 906 A.2d 1153 (2006), the licensee, Drabic, pled guilty to and was convicted of fourteen offenses, eleven of which were Vehicle Code violations. All fourteen offenses arose from a single motor vehicle accident that occurred on November 27, 2003. As a consequence of Drabic's multiple convictions, the Department imposed multiple suspensions of Drabic's operating privileges under 75 Pa.C.S. § 1532, and Drabic appealed.

The trial court concluded that the conviction for DUI and the conviction for aggravated assault by vehicle while driving under the influence merged because all the elements of DUI had to be proven in order to establish the latter violation. Using the same analysis, it concluded that the conviction for reckless driving merged into the conviction for homicide by vehicle. This Court affirmed in part, modifying the order to reinstate the suspension for Drabic's reckless driving conviction.

Granting the Department's appeal, the Supreme Court framed the legal issue as

whether collateral civil consequences of criminal acts, in this instance, suspensions of operating privileges ..., should be merged to accord with the merger of the underlying criminal convictions from which the collateral civil consequences flow.

---

8. It states in relevant part:

> The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state,....
>
> (1) The period of suspension shall be as follows:

(i) For a first offense, a period of six months from the date of the suspension.

(ii) For a second offense, a period of one year from the date of the suspension.

(iii) For a third and any subsequent offense thereafter, a period of two years from the date of the suspension....

75 Pa.C.S. § 1532(c).

*Drabic,* 588 Pa. at 672, 906 A.2d at 1154. The Supreme Court held that Drabic's conviction for aggravated assault by vehicle while driving under the influence merged into his conviction for homicide by vehicle while driving under the influence. As a result, Drabic was subject to a three-year suspension of his license as a result of his conviction for vehicular homicide. The conviction for aggravated assault by vehicle did not extend this suspension because this second criminal conviction had merged into the vehicular homicide conviction. Notably, the Supreme Court explained that its holding in *Drabic* was consistent with its holding in *Freundt* because the key language remained consistent, "conviction of … any … offense." *Id.* at 678, 906 A.2d at 1158

In this case, the trial court misunderstood the principle established in *Freundt,* which considered the extent to which convictions for possessing controlled substances can affect the criminal defendant's driving privileges. By contrast, here, we consider separate criminal offenses for conduct that occurred in the course of a serious motor vehicle accident. None of Licensee's criminal convictions can be merged into the other, which was the case in *Drabic,* because each conviction stands alone. Accordingly, each license suspension stands alone. *Freundt* did not establish a rule that if the offenses and convictions arise from a single accident, then there can be only one suspension. If that were so, it would not have been necessary for the Supreme Court to undertake the conviction merger analysis that it did in *Drabic.* It would have simply stated that because Drabic's offenses arose from one accident, they constituted a "single criminal episode" and supported only one license suspension.

Instead, the Supreme Court expressly adopted this Court's holding in *Zimmer-*

*man v. Department of Transportation, Bureau of Driver Licensing,* 759 A.2d 953 (Pa.Cmwlth.2000). In *Zimmerman,* this Court held that "[s]eparate administrative penalties for multiple convictions arising from the same transaction are prohibited where the convictions are greater and lesser included offenses." *Id.* at 957. Thus, we held that to determine the length of a suspension, a lesser included criminal offense merged into the greater offense. Thereafter, the suspension was determined on the basis of each merged conviction.

This is not a case arising under the Controlled Substances Act that triggered a suspension under 75 Pa.C.S. § 1532(c). Rather, it involves suspensions under Sections 1532(a) and (b) of the Vehicle Code, as did *Drabic,* and under 1532(a.1), as did *Zimmerman.* Licensee's convictions for DUI, reckless driving, and leaving the scene of an accident involving death or personal injury do not "merge" under *Drabic* and *Zimmerman.* Each violation was an "offense with distinct elements … arising from different acts." *Zimmerman,* 759 A.2d at 957. A driver can be under the influence and not drive recklessly, and a driver can drive recklessly without being under the influence. Likewise, the act of leaving the scene of an accident is quite separate from the act of driving recklessly or the act of driving under the influence. The trial court correctly found that Licensee's three convictions did not merge. It erred, however, in merging the suspensions for each conviction. Licensee's single accident was not a single criminal episode; each offense was separately committed.

Accordingly, the order of the trial court is reversed, and the Department's suspensions of Licensee's driving privileges are reinstated.

## ORDER

AND NOW, this 3rd day of April, 2008, the order of the Court of Common Pleas of Lehigh County, dated June 11, 2007, is hereby REVERSED.

## DISSENTING OPINION BY Judge PELLEGRINI.

The sole issue in this case is whether the trial court erred in holding that Clint B. Reinhart's (Licensee) multiple driving offenses resulting from the same incident was a "single criminal episode," requiring the imposition of only single suspension rather than the multiple suspensions imposed by the Department. I disagree with the majority's holding that multiple suspension are warranted for two reasons. First, the majority's holding is directly contrary to our Supreme Court decision in *Drabic v. Department of Transportation, Bureau of Driver Licensing*, 588 Pa. 670, 906 A.2d 1153 (2006), that the "single criminal episode"[1] doctrine applies to license suspensions involving multiple offenses arising out one incident. Second, under the single criminal episode doctrine, only a single suspension for multiple non-mergeable offenses occurring over a period months can be imposed, but yet the majority here illogically holds that multiple suspensions be imposed for multiple non-mergeable offenses that arise from the same incident. Because the majority holding is directly contrary to *Drabic* and leads to an absurd result, I respectfully dissent.

In *Drabic*, the licensee pled guilty to 14 offenses, and the Department sent him 14 notices regarding his suspensions. The licensee appealed to the Court of Common Pleas of Bucks County conceding that the suspension for homicide by vehicle while driving under the influence was proper, but that all of the other suspensions should have merged into that greater offense. The court agreed in part and reduced the suspension by two years and six months. The Department appealed, and we affirmed in part, modifying the court's order to add an additional six-month suspension for reckless driving. On appeal to our Supreme Court, it said that the sole issue was whether the doctrine of merger even applied when collateral civil consequences were imposed. The Court held:

> In the first instance, the parties disagree as to whether the doctrine of merger even applies in the instant context, i.e., when collateral civil consequences are imposed. **We need not directly address this question, since we believe the plain language of the statute [75 Pa.C.S. § 1532] directs that only a single suspension can be imposed based upon a single criminal episode.** Regardless of whether the Commonwealth is correct, and the doctrine of merger is not properly applied to collateral civil consequences, or whether Appellee properly directs our attention to the statutory construction act and *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994) **(holding that the doctrine of merger is a rule of statutory construction)**, the inquiry in either event must be based on the language of the statute at issue.

> The key language in the subsections at issue is "the driver's conviction ... any of the following offenses." 75 Pa.C.S. § 1532. Recently, in *Freundt v. Commonwealth*, 584 Pa. 283, 883 A.2d 503 (2005), we construed § 1532(c) explaining that where the legislature used the separate terms "conviction" and "of-

---

1. A "single criminal episode" involves violations that are "logically and temporally related." *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983). *See also* Pa R.Crim. P. 582 and 18 Pa.C.S. § 110.

fense" it must have intended for the words to have different meanings. Thus, while the merger of the suspensions of operating privileges under 75 Pa.C.S. §§ 1532(a) and 1532(a.1) is an issue of first impression for this Court, in *Freundt* we explained that, in the context of § 1532(c), "**when there is a conviction, the appropriate [license] suspension shall be determined by whether or not the conviction stemmed from a single criminal episode, or multiple criminal episodes.**" *Freundt* at 290, 883 A.2d at 507 (citations omitted).

*Drabic,* 588 Pa. at 675–676, 906 A.2d at 1156. (Emphasis added.) From the above language, it is clear that our Supreme Court held that a "single criminal episode" analysis is required even when there are multiple offenses resulting from the same incident. It appears to have realized that not to apply the "single criminal episode" doctrine would present the anomalous situation where multiple license suspensions could be imposed for multiple offenses arising from one incident, while multiple offenses taking place over months but "logically and temporally related" would result in a single license suspension.

Again, contrary to the majority's conclusion, our Supreme Court was equally clear in *Drabic* that the "single criminal episode" doctrine applied to any suspension under 75 Pa.C.S. § 1532 requiring a suspension for "conviction of any offense."

Relying on our interpretation of the statute [75 Pa.C.S. § 1532(c)] we affirmed, because the statute said that the operating privilege of a person would be suspended after PennDOT had received a record of "the person's **conviction** of any **offense** involving the possession, sale, delivery ... of any controlled substance ..." 75 Pa.C.S. § 1532(c) (emphasis added). Chief Justice Cappy,

writing for a majority, pointed out that we must presume that since the General Assembly used both the word "conviction" and the word "offense," it must have meant for the words to have separate meanings. (Citations omitted.) This Court also noted that, while the issue of whether one or multiple suspensions should result from a single criminal episode was an issue of first impression for the Supreme Court, there was a long line of cases from the Commonwealth Court which consistently interpreted § 1532(c) as requiring that only one suspension issue for each criminal episode ... Therefore, in *Freundt,* we concluded that based on the plain language of the statute "conviction of any offense" as used in § 1532(c) refers to a single criminal episode.

**The same statute, § 1532, is at issue in the case *sub judice,* but different subsections are implicated. Nonetheless, in the subsections scrutinized here, the Legislature again discusses "the driver's conviction of ... any of the following offenses."** As we did in *Freundt,* we find that the Legislature's use of the separate terms "conviction" and "offenses" to be significant. Specifically, "conviction of any of the following offenses" stems from a single criminal episode. We see no reason to depart from our reasoning in *Freundt.* We acknowledge that the analysis in *Freundt* was simplified by the more generalized grammatical construct of subsection (c), i.e., "conviction of any offense involving the possession, sale, [etc.] of any controlled substance," as opposed to the slightly different grammatical construct of the two subsections at issue here ((a) and (a.1)), **but see no reason to arrive at a different result as the key language remains constant: "conviction of ... any ... offense [ ]."** (Emphasis added.)

*Drabic*, 588 Pa. at 677–678, 906 A.2d at 1157–1158.

I recognize that the Supreme Court, after discussing the applicability of the "single criminal episode" doctrine, went on to use the merger analysis set forth in *Zimmerman v. Department of Transportation*, 759 A.2d 953, 956 (Pa.Cmwlth.2000) [2] to find that the licensee should only receive a single suspension. I can only surmise that the Supreme Court used this analysis in *Drabic* because it was a convenient way to resolve the issue given that it was the way that this court and the trial court determined that only a single suspension was warranted.

Because *Drabic* provides that the single criminal episode doctrine applies to multiple suspensions arising out of the same incident, I would affirm the trial court and, accordingly, I respectfully dissent.

**2.** The doctrine of merger of related offenses "is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction. ...The operative inquiry is whether the crimes involved are greater and lesser-included offenses, i.e., whether the two charges constitute the same offense ... Thus if all of the elements of one crime must be proven to establish the commission of another crime then the former crime is a lesser-included offense of the latter. However, the offenses are distinct and do not merge if each crime has an element that is not required to prove the commission of the other crime." *Zimmerman v. Department of Transportation*, 759 A.2d 953, 956 (Pa. Cmwlth.2000).