**Dale Lamar STRAWN, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2009.

Decided July 24, 2009.

Stephen G. Heckman, Blue Bell, for appellant.

Terrance M. Edwards, Asst. Counsel, Harrisburg, for appellee.

BEFORE: LEADBETTER, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, COHN JUBELIRER, Judge, LEAVITT, Judge, and BUTLER, Judge.

OPINION BY President Judge LEADBETTER.

Dale Lamar Strawn (Strawn) appeals from the order of the Court of Common Pleas of Bucks County which denied

cause of this Court's disposition, we need not address this argument.

Strawn's statutory appeal and directed the Pennsylvania Department of Transportation, Bureau of Driver Licensing (DOT), to reinstate three suspensions of his motor vehicle operating privilege imposed pursuant to Section 1532(b) of the Vehicle Code, 75 Pa.C.S. § 1532(b). After review, we affirm.

On September 18, 2007, Strawn was arrested following a police chase and charged with numerous offenses under the Vehicle Code.[1] On February 1, 2008, Strawn pled guilty to: 1) Driving Under the Influence (DUI) in violation of 75 Pa. C.S. § 3802(b); 2) leaving the scene of an accident in violation of 75 Pa.C.S. § 3743(a); 3) reckless driving in violation of 75 Pa.C.S. § 3736(a); and 4) fleeing a police officer in violation of 75 Pa.C.S. § 3733(a). By separate notices dated March 3, 2008, DOT notified Strawn that his operating privileges were being suspended for three years pursuant to Section 3804(e)(2)(i)[2] and Section 1532(b)[3] of the Vehicle Code as follows:

1) for his conviction of DUI–BAC .10<.16, a one year suspension;

2) for his conviction of fleeing a police officer, a one year suspension;

3) for his conviction of reckless driving, a six month suspension; and

4) for his conviction of leaving the scene of an accident, a six month suspension.

Strawn filed a timely appeal,[4] which the trial court denied based on this court's decision in *Reinhart v. Department of Transportation, Bureau of Driver Licensing,* 946 A.2d 167 (Pa.Cmwlth.2008), and ordered that the three suspensions be reinstated. This appeal followed.

Strawn argues that the trial court erred in not applying the "single criminal episode" analysis set forth by our Supreme

---

1. Strawn was charged with the following: Count 1: 18 Pa.C.S. § 2705, recklessly endangering another person; Count 2: 75 Pa.C.S. § 3802(a)(1), DUI, General Impairment; Count 3: 75 Pa.C.S. § 3733(a), fleeing or attempting to elude a police officer; Count 4: 75 Pa.C.S. § 3736(a), reckless driving; Count 5: 75 Pa.C.S. § 3743(a), leaving the scene of an accident; Count 6: 75 Pa.C.S. § 3301(a), failure to keep right; Count 7: 75 Pa.C.S. § 3334(a), failure to signal; Count 8: 75 Pa. C.S. § 3325(a), failure to yield to emergency vehicle; and Count 9: 75 Pa.C.S. § 3802(b), DUI, High Rate of Alcohol (Bac .10–.16).

2. This section provides:

> (e) **Suspension of operating privileges upon conviction.**—
> (1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
> (i) an offense under section 3802; [ ]
> . . .
> (2) Suspension under paragraph (1) shall be in accordance with the following:
> (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

75 Pa.C.S. § 3804(e).

3. This section provides in pertinent part:

> (b) **Suspension.**—
> (1) The department shall suspend the operating privilege of any driver for six months upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on any offense under the following provisions:
> . . .
> Section 3736 (relating to reckless driving).
> Section 3743 (relating to accidents involving damage to attended vehicle or property).
> . . .
> (3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3733 (relating to fleeing or attempting to elude police officer). . . .

75 Pa.C.S. § 1532(b).

4. Strawn did not appeal his one year suspension for his DUI conviction.

Court in *Freundt v. Department of Transportation, Bureau of Driver Licensing,* 584 Pa. 283, 883 A.2d 503 (2005), to determine that only one suspension may be imposed upon him for his multiple non-mergeable offenses which occurred in that one incident. Strawn asserts that regardless of whether a licensee commits Vehicle Code violations or drug offenses, the proper inquiry is to determine whether the violations or offenses resulted from a single criminal episode, citing *Drabic v. Department of Transportation, Bureau of Driver Licensing,* 588 Pa. 670, 906 A.2d 1153 (2006). According to Strawn, *Drabic* did not change *Freundt's* holding, but instead, reaffirmed it; and, therefore, under any subsection of Section 1532 of the Vehicle Code, DOT may impose only a single suspension for a single criminal episode. Strawn asserts that his actions on the night of September 18, 2007, constituted a single criminal episode for which only one suspension could be imposed, that being the one year suspension for his DUI conviction. Strawn would have this court overrule our prior decision in *Reinhart* as being contrary to the Supreme Court's decisions in both *Freundt* and *Drabic.*

DOT counters that although Strawn's multiple Vehicle Code violations arose from the same incident, that is, the motor vehicle accident and subsequent police chase on the evening of September 18, 2007, this does not mean that his actions comprised a single criminal episode or offense for the purpose of suspending his driver's license. DOT asserts that under the reasoning of both *Zimmerman v. Department of Transportation, Bureau of Driver Licensing,* 759 A.2d 953 (Pa. Cmwlth.2000), and *Drabic,* which this court adopted and applied in *Reinhart,* Strawn's convictions for reckless driving, leaving the scene of an accident, and fleeing a police officer do not merge because each violation is an offense with distinct elements arising from different acts. Therefore, DOT argues, the six month suspension imposed for his conviction of reckless driving, the six month suspension imposed for leaving the scene of an accident, and the one year suspension imposed for fleeing a police officer, were properly reinstated by the trial court, as they do not merge into his one year suspension for DUI.

In *Reinhart,* the court was faced with a licensee who had been convicted of three motor vehicle violations stemming from an automobile accident, specifically, DUI, reckless driving, and leaving the scene of an accident. Licensee received three separate notices from DOT suspending his operating privilege for a total of 2½ years. Licensee's appeal was denied as to the DUI suspension, but sustained as to the suspensions for reckless driving and leaving the scene of an accident. While the trial court held that the issue was not one of merger, because none of the three offenses Licensee was convicted of was a lesser included offense of the other, it in effect "merged" the suspensions, agreeing that the conviction for each offense arose from a single criminal episode. This resulted in a one year suspension of Licensee's operating privilege.

On further appeal, DOT argued that the "single criminal episode" analysis of *Freundt* applied only to non-motor vehicle violations and that *Drabic's* "lesser included offense" analysis applied because it similarly concerned motor vehicle violations. The court then provided a thorough analysis of both cases, recognizing that the distinction lay in whether the underlying convictions were for crimes unrelated to the operation of a motor vehicle, such as the unlawful possession of drugs in *Freundt,* or whether the underlying crimes were moving violations, as in *Drabic* and the matter *sub judice.* In *Freundt,* the licen-

see was charged with and convicted of 16 counts of fraudulently acquiring a controlled substance, for which DOT had issued 16 separate notices of suspension pursuant to Section 1532(c) of the Vehicle Code. We explained that because the Supreme Court had reasoned that the General Assembly's use of the words "conviction" and "offense" in Section 1532(c) meant they intended for the words to have two separate meanings, it followed that "since a conviction of an offense is a conviction stemming from a criminal episode, an offense for the purpose of § 1532(c) is a single criminal episode."[5] We concluded therefore, that *Freundt* stood for the proposition that "the single criminal episode analysis should be undertaken only where the suspension is brought under 75 Pa.C.S. § 1532(c), which authorizes suspensions for crimes that have nothing to do with the operation of a motor vehicle, such as the crime of possession of controlled substances." *Reinhart*, 946 A.2d 167, 170.

The court in *Reinhart* then went on to discuss *Drabic*, in which the licensee was convicted of 14 offenses, including 11 motor vehicle violations. Licensee was notified by DOT that his operating privilege was being suspended pursuant to Section 1532(a) and (a.1), 75 Pa.C.S. § 1532(a) and (a.1). In *Drabic*, our Supreme Court, while suggesting *in dicta* that *Freundt's* "single criminal episode" analysis applied to all subsections of Section 1532, went on to apply a merger analysis, noting that this court had "merged the suspensions pursuant to a long line of its cases, the most prominent of which is *Zimmerman v. Department of Transportation, Bureau of Driver Licensing*, 759 A.2d 953 (Pa. Cmwlth.Ct.2000)[.]" *Drabic*, 588 Pa. 670, 678, 906 A.2d 1153, 1158. The court held that because Licensee's convictions for DUI and "aggravated assault while DUI" merged into "homicide by vehicle while DUI," the suspensions also merged.[6]

After undertaking the analysis of both *Drabic* and *Freundt*, this court in *Reinhart* went on to state:

> [in] this case, the trial court misunderstood the principle established in *Freundt*, which considered the extent to which convictions for possessing controlled substances can affect the criminal defendant's driving privileges. By contrast, here, we consider separate criminal offenses for conduct that occurred in the course of a serious motor

---

**5.** *Freundt*, 584 Pa. 283, 290, 883 A.2d 503, 507.

**6.** The dissent suggests that our Supreme Court in *Drabic* clearly mandated a single criminal episode standard for all license suspension cases. We disagree. That court discussed both the single criminal episode and the merger of offenses standards, but we believe it *applied* the latter.

In this regard, it must be noted that DOT imposed ten separate suspensions resulting from a single fatal motor vehicle accident. Common pleas sustained Drabic's appeal as to three of those suspensions, holding that the offenses upon which they were based merged into other underlying charges. DOT appealed, and this court reinstated the separate suspension for reckless driving, holding that that charge did not merge into the charge of homi-

cide by vehicle. We affirmed the reversal of suspensions for DUI and aggravated-assault-while-DUI, on the basis that those offenses merged into the charge of homicide-by-vehicle-while-DUI, leaving intact eight of the original ten suspensions. DOT further appealed, contesting only the latter ruling in our Supreme Court, which affirmed. Although the issue was not presented or discussed, had the single criminal episode standard been applied at any stage of the proceedings, Drabic would have been exposed to only one suspension, not eight. Therefore, and because proper application of the merger doctrine in license suspension cases was the issue throughout the various levels of appeals, we believe that our Supreme Court's discussion of the single criminal episode standard must be regarded as *dicta*.

vehicle accident. None of Licensee's criminal convictions can be merged into the other, which was the case in *Drabic*, because each conviction stands alone. Accordingly, each license suspension stands alone. *Freundt* did not establish a rule that if the offenses and convictions arise from a single accident, then there can be only one suspension. If that were so, it would not have been necessary for the Supreme Court to undertake the conviction merger analysis that it did in *Drabic*. It would have simply stated that because Drabic's offenses arose from one accident, they constituted a "single criminal episode" and supported only one license suspension.

Instead, the Supreme Court expressly adopted this Court's holding in *Zimmerman* .... In *Zimmerman*, this Court held that "[s]eparate administrative penalties for multiple convictions arising from the same transaction are prohibited where the convictions are greater and lesser included offenses." Id. at 957. Thus, we held that to determine the length of a suspension, a lesser included criminal offense merged into the greater offense. Thereafter, the suspension was determined on the basis of each merged conviction.

This is not a case arising under the Controlled Substances Act that triggered a suspension under 75 Pa.C.S. § 1532(c). Rather, it involves suspensions under Sections 1532(a) and (b) of the Vehicle Code, as did *Drabic*, and under 1532(a.1), as did *Zimmerman*. Licensee's convictions for DUI, reckless driving, and leaving the scene of an accident involving death or personal injury do not "merge" under *Drabic* and *Zimmerman*. Each violation was an "offense with distinct elements ... arising from different acts." ... The trial court correctly found that Licensee's three

convictions did not merge. It erred, however, in merging the suspensions for each conviction. Licensee's single accident was not a single criminal episode; each offense was separately committed.

*Reinhart*, 946 A.2d at 171(citations omitted).

We conclude that our decision in *Reinhart* is both controlling and analytically sound. In both the present case and *Reinhart*, the licensees were convicted of multiple moving violations for which DOT imposed multiple suspensions of their driving privileges under Section 1532(a), (*Reinhart*), and Section 1532(b) (both *Reinhart* and Licensee herein, Strawn). Both licensees were convicted of DUI, reckless driving and leaving the scene of an accident. In the present case, Strawn was also convicted of fleeing a police officer. Each of these offenses was separately committed with distinct elements; thus, none are a lesser included offense of another. A person can drive while under the influence without driving recklessly or without colliding with another vehicle. One can also drive while under the influence without either attempting to flee from a police officer or without leaving the scene of an accident. Therefore, because none of the offenses of which Strawn was convicted (reckless driving, leaving the scene of an accident and fleeing a police officer) merged as lesser included offenses, the suspensions imposed for each conviction must stand alone. Accordingly, we affirm the order of the trial court denying Strawn's appeal and reinstating the previously imposed license suspensions.

### ORDER

AND NOW, this 24th day of July, 2009, the order of the Court of Common Pleas of Bucks County in the above captioned matter is hereby AFFIRMED.

DISSENTING OPINION BY Judge PELLEGRINI.

The issue in this case is what standard has our Supreme Court adopted for determining the length of a license suspension when the licensee has been convicted of a number of criminal charges arising out of the same incident. Has it adopted the "single criminal episode" standard or has it adopted a merger analysis that looks at whether the elements of the multiple offenses are the same?

In *Freundt v. Dept. of Transp., Bureau of Driver Licensing*, 584 Pa. 283, 291, 883 A.2d 503, 507 (2005), our Supreme Court adopted the "single episode standard" holding that "the statutory framework requires 'when there is a conviction, *the appropriate suspension shall be determined by whether or not the conviction stemmed from a single criminal episode, or multiple criminal episodes.*'" (Emphasis added.)

The *Freundt* dissenters also thought our Supreme Court was adopting a single episode standard. Justice Eakin, joined by Justice Newman, disagreed with the "single criminal episode standard" stating: "I would hold that under § 1532(c), a separate suspension is properly imposed for each count of which the licensee is convicted, *regardless of whether the counts occurred in a single criminal episode.*" *Id.* at 295, 883 A.2d at 509–510. (Emphasis added.)

In *Drabic v. Dept. of Transp., Bureau of Driver Licensing*, 588 Pa. 670, 675, 906 A.2d 1153, 1156 (2006), relying on *Freundt*, our Supreme Court reiterated that the "single criminal episode" standard was to be used to determine the length of suspensions, stating that "[i]n first instance, the parties disagree as to whether the doctrine of merger even applies in the instant context, i.e., when collateral civil consequences are imposed. We need not directly address this question, since we *believe the plain language of the statute directs that only a single suspension can be imposed based upon a single criminal episode.*"

Again, the dissenters thought the Supreme Court was adopting a "single episode standard." Justice Newman, joined by Justice Eakin, stated: "*the majority holds an 'offense' for purposes of § 1532(c) means a single criminal episode;* I believe this interpretation is inconsistent with both the language and the aim of § 1532(c)." *Id.* at 685, 906 A.2d at 1162. Justice Saylor in his dissent stated: "*Freundt's logic that 'offense' meant 'single criminal episode' and not 'violation'* cannot be transported to Sections 1532(a) and (a.1), because the Legislature was even more explicit in those sections in targeting violations." *Id.* at 689–690, 906 A.2d at 1164.

At oral argument, when the Department's counsel was asked whether a layperson interpreting those cases believed that the Supreme Court adopted a "single criminal episode standard," he forthrightly answered "Yes."

Notwithstanding all that, apparently believing that it did not mean what it said, by glomming on stray language in *Drabic*, the majority finds that our Supreme Court did not adopt the single criminal episode standard in *Freundt* and *Drabic*. In doing so, the majority apparently believes the dissenters should not have written their dissents in those cases because the dissenters' fears that the "single criminal episode standard" was adopted were unfounded. Simply, the majority's reading of those cases to find that the Supreme Court did not adopt a single criminal episode standard is simply one that is unfathomable.[1]

---

1. In response to my dissent, the majority suggests that our Supreme Court in *Drabic* decid-

Because I am not as cavalier with Supreme Court precedent as is the majority, I respectfully dissent and would apply the single criminal episode standard to determine the length of the license suspension to impose.

Judge SMITH–RIBNER joins in this dissenting opinion.

ed to retain merger doctrine as the method of analysis in determining the length of license suspensions. The majority's view makes meaningless our Supreme Court's lengthy statutory analysis in *Freundt* and *Drabic*, finding that 75 Pa.C.S. § 1532 requires that a suspension be based on a single criminal episode, an analysis that the dissenters thought to be erroneous. What the majority also ignores is *Drabic's* history. In our unpublished opinion in *Drabic*, dated September 9, 2005, we used a merger analysis to determine what was the appropriate length of the license suspension. Shortly after we issued our decision in *Drabic*, our Supreme Court, on Sept. 28, 2005, decided *Freundt*, which adopted the single criminal episode test for determining the length of a license suspension. The stray language in the opinion in *Drabic* that the majority uses to say that the merger analysis comes from the way we decided the case, which was issued before *Freundt*, not to continue the use of the merger analysis.