J-S76035-13

2014 PA Super 186

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LEE ALLEN KIMMEL, | |
| Appellant | No. 126 MDA 2013 |

Appeal from the Judgment of Sentence entered December 18, 2012,
in the Court of Common Pleas of Cumberland County,
Criminal Division, at No(s): CP-21-CR-0003380-2011

BEFORE:  ALLEN, LAZARUS, and FITZGERALD*, JJ.

CONCURRING AND DISSENTING OPINION BY ALLEN, J.:**FILED AUGUST 29, 2014**

I concur with the Majority's affirmance of Appellant's convictions.  I respectfully dissent, however, from the Majority's determination that Appellant's judgment of sentence should be vacated because "the DUI and F3 - fleeing convictions merge for sentencing purposes[.]"  Majority Opinion, at 2.  I would affirm the judgment of sentence.

Our Supreme Court has held:

Whether…two offenses merge will turn on Section 9765 of the Sentencing Code, which addresses merger and provides:

§ 9765. Merger of sentences

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense.  Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765 (emphasis added). []

*Former Justice specially assigned to the Superior Court.

\*\*\*

In a majority decision, [our Supreme Court in *Commonwealth v.] Baldwin*, [985 A.2d 830 (Pa. 2009),] adopted the [*Commonwealth v.] Jones*, [912 A.2d 815 (Pa. 2006),] dissent's reasoning and held the plain language of Section 9765 reveals a legislative intent "to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Id.* at … 985 A.2d at 837. *Baldwin* rejected the "practical, hybrid approach" advocated in the lead *Jones* plurality opinion. *Id.* at … 912 A.2d at 835. Instead, *Baldwin* held that when each offense contains an element the other does not, merger is inappropriate. *Id.* at … 985 A.2d at 837.

***Commonwealth v. Quintua,*** 56 A.3d 399, 400-401 (Pa. Super. 2012).

Here, the trial court observed:

[T]he elements of [Appellant's DUI related offenses and the fleeing charge] do not overlap and should not merge for sentencing purposes. The charge of Fleeing or Attempting to Elude a Police Officer requires, for example, the defendant to be given a visual and audible signal by the police to bring the vehicle to a stop. 75 Pa. C.S.A. § 3733(a). This element is not one required by the DUI - General Impairment statute. See 75 Pa. C.S.A. § 3802(a)(1). Similarly, one of the elements of a DUI - General Impairment charge is that the defendant be inebriated to such an extent that he was incapable of safely driving. Id. There is no mention of inebriation in the statute regarding Fleeing or Attempting to Elude a Police Officer. See 75 Pa. C.S.A. § 3733. Therefore, the requirements under 42 Pa.C.S.A. § 9765 for the crimes to merge for sentencing purposes are not met.

Trial Court Opinion, 3/28/13, at 8. I agree.

Appellant was convicted, *inter alia*, of DUI - general impairment, a misdemeanor offense, which the Vehicle Code defines as follows:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). Section 3802(a)(1) confines itself to prohibiting the operation of a vehicle by an individual who has been rendered incapable of safe driving after ingesting alcohol. Section 3802(a)(1) does not set forth any elements proscribing, prohibiting, or even discussing any actions by said individual vis á vis law enforcement.

In contrast, 75 Pa.C.S. § 3733 provides:

> (a)   Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual or audible signal to bring his vehicle to a stop, commits an offense as graded in subsection (a.2).

75 Pa.C.S. § 3733(a). Section 3733(a) does not set forth any elements related to driving while under the influence of alcohol. The interplay between Sections 3802 and 3733 occurs within the context of grading the fleeing offense. Specifically, 75 Pa.C.S. § 3733(a.2) provides:

> (a.2)
>
> (2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:
>
> > (i) commits a violation of section 3802 (relating to driving under the influence of alcohol or controlled substance)[.]

75 Pa.C.S. § 3733 (a.2)(2)(i).

Our Supreme Court has explained:

[T]he merger doctrine … depend[s] on whether the crimes involved are greater and lesser included offenses; if so, the sentences merge, if not, merger is not required. []

***

The terms "greater" and "lesser included" in the merger analysis refer to the logical relationship between elements of the offenses, **not to the grading of the offenses or the punishments imposable.** []

***

The purpose of the merger doctrine is to determine whether the legislature intends that a single sentence should constitute all of the punishment for offenses that arise from the same criminal act or transaction. See [*Commonwealth v.] Anderson* ,… 650 A.2d [20,] 21 [(Pa. 1994)]. Indeed, in *Anderson* the doctrine was characterized as a rule of statutory construction designed for this purpose. *Id.*

The legislature designated aggravated assault under 18 Pa.C.S. § 2702(a)(1) as a first degree felony, thus punishable by up to twenty years imprisonment. It would be absurd to use the merger doctrine to find, contrary to this explicit expression of intent, that the legislature intended that a lesser maximum sentence of ten years imprisonment should control where the circumstances also make out the crime of attempted murder.

*Commonwealth v. Everett,* 705 A.2d 837, 839 (Pa. 1998) (internal citations omitted) (emphasis supplied).

Instantly, applying *Everett,* I am not persuaded that Appellant's fleeing conviction, which the legislature specifically enhanced to a felony in relation to section 3802 offenses, was intended to merge with a misdemeanor DUI - general impairment conviction. To invoke the merger doctrine to avoid the harsher penalty under the F3 fleeing conviction, which

the legislature intended in such a scenario, would be in derogation of the plain language of the statutes involved. ***See J.C.B. v. Pennsylvania State Police,*** 35 A.3d 792, 796 (Pa. Super. 2012) ("It is well settled that 'when interpreting a statute, the court must give plain meaning to the words of the statute. It is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute.'") (internal citations omitted).

The Majority relies on ***Commonwealth v. Tanner,*** 61 A.3d 1043, 1046 (Pa. Super. 2013) in concluding that Appellant's DUI and F3-fleeing convictions merge. However, in ***Tanner,*** our Court found that the appellant's DUI - highest rate of alcohol conviction merged with his convictions for homicide by motor vehicle while DUI ("HMVDUI"), and aggravated assault by vehicle while DUI ("AAVDUI"), because "the statutory elements of DUI are completely subsumed within the crimes of both [HMVDUI] and [AAVDUI]. As such, for sentencing purposes, [the] DUI conviction merged with both [the] [HMVDUI] and [AAVDUI] convictions." Majority at 22 *citing* ***Tanner, supra,*** at 1047. Instantly, I find ***Tanner*** distinguishable because, as discussed above, the crimes Appellant committed do not share common elements and the crimes in ***Tanner*** did not involve a grading interplay between the charged offenses. Moreover, while Appellant is required to have committed a Section 3802 offense in order to have his fleeing offense *graded* as a higher felony charge, Appellant need not have committed a Section 3802 offense to be convicted of fleeing or *vice*

*versa.* Our Commonwealth Court in **Strawn v. Comm., Dept. of Transp.,** 976 A.2d 661 (Pa. Cmwlth. 2009) expressly recognized as much:

> In both the present case and *Reinhart [v. Department of Transportation, Bureau of Driver Licensing,* 546 A.2d 167 (Pa. Cmwlth. 2008)] the licensees were convicted of multiple moving violations for which DOT imposed multiple suspensions of their driving privileges under Section 1532(a), (*Reinhart*), and Section 1532(b) (both *Reinhart* and Licensee herein, Strawn). Both licensees were convicted of DUI, reckless driving and leaving the scene of an accident. In the present case, Strawn was also convicted of fleeing a police officer. Each of these offenses was separately committed with distinct elements; thus, none are a lesser included offense of another. A person can drive while under the influence without driving recklessly or without colliding with another vehicle. **One can also drive while under the influence without either attempting to flee from a police officer or without leaving the scene of an accident.** Therefore, because none of the offenses of which Strawn was convicted (reckless driving, leaving the scene of an accident and fleeing a police officer) merged as lesser included offenses, the suspensions imposed for each conviction must stand alone.

**Strawn, supra,** at 665 (emphasis supplied).

Based on the foregoing, I would affirm the judgment of sentence.