705 A.2d 837

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Daniel T. EVERETT, Appellee.**

Supreme Court of Pennsylvania.

Argued Dec. 12, 1996.

Decided Jan. 9, 1998.

Karen A. Diaz, Doylestown, Stephen B. Harris, Warrington, for appellant.

Erica Heide Keisling, Philadelphia, for appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

314

*OPINION*

ZAPPALA, Justice.

On February 25, 1994, Daniel Everett went to his wife's residence in Quakertown, in violation of a protection from abuse order, and gained entry by breaking off the doorknob. When she returned home, he shot her with a small caliber handgun then drove off in her car. Their twenty month old daughter was in the back seat of the car at the time. Later that evening Everett arrived at the state police barracks in Binghamton, New York, approximately 150 miles from Quakertown, and stated that he wanted to leave the child there. While in an interview room with one of the troopers, Everett removed a revolver from his waistband. Following a brief struggle, he was restrained and the gun was taken from him. He was returned to Pennsylvania after the police learned that he was wanted for the shooting.

Everett was charged with a dozen crimes including attempted murder and aggravated assault. The Commonwealth filed a notice of its intention to proceed under the mandatory sentencing provision of 42 Pa.C.S. § 9712. On July 13, 1994, Everett entered a guilty plea to all the charges. The court sentenced him to eight to twenty years imprisonment. Everett then sought reconsideration of the sentence, arguing that for sentencing purposes aggravated assault should have merged with attempted murder, resulting in a maximum sentence of five to ten years. The court denied reconsideration, but on appeal Superior Court entered a per curiam order reversing and remanding for resentencing "consistently with *Commonwealth v. Anderson*, [538 Pa. 574], 650 A.2d 20 (1994)."

We granted the Commonwealth's petition for allowance of appeal to determine whether the common pleas court could properly sentence on the aggravated assault charge rather than the attempted murder charge.[1]

1. At the time this case arose attempted murder was graded as a second degree felony. The legislature has since amended 18 Pa.C.S. § 905 to provide that in all cases, "[e]xcept as otherwise provided in this title, attempt, solicitation and conspiracy are crimes of the same degree as

In *Anderson*, the defendant was sentenced to consecutive prison terms for attempted murder, aggravated assault, and possession of an instrument of crime. The issue on appeal was whether attempted murder and aggravated assault merged for sentencing purposes. We characterized the merger doctrine as depending on whether the crimes involved are greater and lesser included offenses; if so, the sentences merge, if not, merger is not required. We held that "the offense of aggravated assault is necessarily included within the offense of attempted murder; every element of aggravated assault is subsumed in the elements of attempted murder." 538 Pa. at 583, 650 A.2d at 24.

Although the original mandate in *Anderson* vacated the judgment of sentence for aggravated assault and remanded for resentencing, in the course of denying the Commonwealth's petition for reargument we modified this order, vacating the judgment of sentence on *all* charges and remanding for resentencing. 539 Pa. 476, 653 A.2d 615 (1994). We thus implicitly acknowledged that on remand the court had discretion to impose sentence on any of the charges so long as it did not impose separate sentences for aggravated assault and attempted murder.

Everett, however, argues that where offenses merge for sentencing purposes the court may not sentence on the lesser included offense but must sentence on the greater offense. We do not agree.

█ The terms "greater" and "lesser included" in the merger analysis refer to the logical relationship between elements of the offenses, not to the grading of the offenses or the punishments imposable. The offense that is more broadly defined is conceptualized as the greater offense and the offense whose elements are entirely subsumed is conceptualized as the lesser included offense. Where such a relationship exists, the merger doctrine requires that only one sentence

the most serious offense which is attempted or solicited or is an object of the conspiracy." Act 1995–3 (Special Session No. 1), § 1.

may be imposed, but it has nothing to say about which sentence that should be.

Superior Court has often stated that when crimes merge for sentencing purposes, the one for which a defendant may be sentenced is the one to which the legislature has attached the greatest penalty. See *Commonwealth v. O'Brien,* 356 Pa.Super. 294, 514 A.2d 618 (1986); *Commonwealth v. Sayko,* 333 Pa.Super. 265, 482 A.2d 559 (1984); *Commonwealth v. Boerner,* 281 Pa.Super. 505, 422 A.2d 583 (1980). Although in most cases the "greater" offense for merger analysis will also be the offense carrying the greater penalty, this is not universally true. In *Commonwealth v. Kozrad,* 346 Pa.Super. 470, 499 A.2d 1096 (1985), the court applied this rule in affirming a judgment of sentence for homicide by vehicle while driving under the influence, a third degree felony with a mandatory minimum sentence of three years, while vacating the separate sentence imposed for the first degree misdemeanor of involuntary manslaughter.

■ The purpose of the merger doctrine is to determine whether the legislature intends that a single sentence should constitute all of the punishment for offenses that arise from the same criminal act or transaction. See *Anderson,* 538 Pa. at 577, 650 A.2d at 21. Indeed, in *Anderson* the doctrine was characterized as a rule of statutory construction designed for this purpose. *Id.*

■ The legislature designated aggravated assault under 18 Pa.C.S. § 2702(a)(1) as a first degree felony, thus punishable by up to twenty years imprisonment. It would be absurd to use the merger doctrine to find, contrary to this explicit expression of intent, that the legislature intended that a lesser maximum sentence of ten years imprisonment should control where the circumstances also make out the crime of attempted murder.

Because the common pleas court had discretion to sentence Everett on the aggravated assault charge rather than the attempted murder charge, the sentence of eight to twenty years imprisonment was neither illegal nor inconsistent with

*Anderson.* Accordingly, the Superior Court's order reversing and remanding for resentencing is vacated and the judgment of sentence is reinstated.

NIGRO, J., files a dissenting opinion.

NIGRO, Justice, dissenting.

I respectfully dissent from the majority's decision that the trial court has discretion to sentence a defendant for a lesser-included offense that merges with a greater offense for purposes of sentencing.

Twenty-five years ago, Former Chief Justice Nix aptly recognized the illogic of sentencing a defendant for a lesser offense that is an ingredient of a greater offense that he also committed. In *Commonwealth v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973), the Court applied the merger doctrine where a defendant was convicted of simple assault and battery and the act of resisting arrest.[1] After finding that the crimes merged for sentencing purposes, the majority of the Court held that the defendant may only be sentenced on the simple assault and battery.

In a concurring and dissenting opinion, Justice Nix found that the majority improperly merged the greater offense—resisting arrest—into the lesser-included offense of simple assault and battery. He explained that the majority assumed that assault and battery was the greater offense because it had a greater penalty. Justice Nix stated that the test for merger is not a comparison of the penalties, but whether the lesser crime is a necessary ingredient of the greater crime. Since simple assault and battery was a necessary included element of resisting arrest, resisting arrest was the greater offense for which the defendant should have been sentenced. Justice Nix properly noted that in the unusual event that the lesser-included crime has the greater penalty, the error should

1. When *Nelson* was decided, simple assault and battery was defined at 18 Pa. Stat. § 4708 and resisting arrest was defined at 18 Pa. Stat. § 4314.

be remedied by the legislature—not by treating the lesser offense as the greater.

The majority's decision in *Nelson* departs from other Supreme Court precedent. In an earlier merger case, the Court stated that "[i]t follows that the [defendant] having been sentenced for the most serious crime charged in the indictment *could not also be sentenced for the lesser crimes which were only constituents of the major felony.*" *Commonwealth v. Ashe,* 340 Pa. 286, 289, 17 A.2d 190, 191 (1941)(emphasis added). More recently, in *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994), the Court defined the merger doctrine in terms of whether the crimes involved are greater and lesser-included offenses based upon whether the elements of one crime are components of another crime. However, since *Nelson,* the Superior Court has stated that when crimes merge, a defendant may be sentenced for the crime carrying the greater penalty. *See, e.g., Commonwealth v. Boerner,* 281 Pa.Super. 505, 422 A.2d 583 (1980)(relying upon *Nelson* ).

The legislature has done exactly as Justice Nix suggested with respect to sentencing for aggravated assault and attempted murder. As the majority recognizes, the legislature amended the statute related to attempted murder. It is no longer graded as a second-degree felony with a lesser sentence than aggravated assault. *See* 18 Pa. Cons.Stat. §§ 1102, 1103 (stating sentences for attempted murder and felonies). In cases such as the present, where the amended statute does not apply, the Court should not treat the lesser-included offense as the greater offense. The defendant should only be sentenced for attempted murder and not aggravated assault.