### Craig L. ZIMMERMAN

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 7, 2000.

Decided Sept. 20, 2000.

---

Aaron S. Jayman and Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellant.

Gregory F. Mitsch, Doylestown, for appellee.

BEFORE: DOYLE, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, FLAHERTY, Judge.

SMITH, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Bucks County Court of Common Pleas that sustained the license revocation appeal of Craig L. Zimmerman. The issue before the Court is whether a Driving Under the Influence (DUI) conviction and an Aggravated Assault by Vehicle While Driving Under the Influence (AA–DUI) conviction [1] merge for purposes of operating privilege suspension pursuant to Section 1532 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 1532.

I

On July 27, 1998, Zimmerman plead guilty to ten offenses including DUI and AA–DUI arising from a December 17, 1997 motor vehicle accident. By official notice mailed September 4, 1998, DOT notified Zimmerman that it was suspending his operating privilege for one year pursuant to Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3), as a result of his DUI offense. Zimmerman did not appeal from the suspension. Two months later, DOT informed Zimmerman by official notice mailed November 3, 1998 that it was revoking his operating privilege for one year pursuant to Section 1532(a), 75 Pa.C.S. § 1532(a), as a result of the December 1997 AA–DUI offense. The notice specified that the revocation was in addition to any previously issued sanctions.

■ Zimmerman appealed from the revocation notice, and the trial court sustained his appeal. The trial court examined the elements of each offense to determine whether the elements of the lesser offense are included within the elements of the greater offense and whether the greater offense includes any additional element that is different from those included in the lesser offense. The trial court found that the AA–DUI offense requires a DUI conviction. The court reasoned that all of the elements included in the DUI offense are incorporated into the greater offense and, furthermore, that the greater offense included an additional element of serious bodily injury to another due to the DUI. As a consequence, the court held that DOT could not impose separate penalties because Zimmerman's DUI and AA–DUI offenses merged for purposes of civil penalty.[2]

As an initial matter, Zimmerman argues that DOT erred in relying in its brief upon the 1998 amendment to Section 1532(a)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(a)(3), which enumerates a one-year suspension for an AA–DUI conviction. That amendment did not take effect until December 21, 1998, and DOT concedes in its reply brief that it erred in relying upon the amended section. The revocation notice that DOT mailed to Zimmerman specified only that DOT was revoking his operating privilege for one year pursuant to Section 1532(a), and the record does not reflect that DOT relied upon Section 1532(a)(3) before the trial court. Nevertheless, the Court agrees with DOT that it had authority to proceed against Zimmer-

---

1. *See* Section 3731 of the Vehicle Code, *as amended,* 75 Pa.C.S. § 3731 (relating to DUI); Section 3735.1, 75 Pa.C.S. § 3735.1 (relating to AA–DUI).

2. The Court's review of this matter is limited to determining whether the trial court's findings of fact are supported by competent evidence and whether the court committed an error of law or an abuse of discretion. *Xenakis v. Department of Transportation, Bureau of Driver Licensing,* 702 A.2d 572 (Pa.Cmwlth. 1997).

man under Section 1532(a)(1), 75 Pa.C.S. § 1532(a)(1).[3]

■ Section 1532(a)(1) of the Vehicle Code, which was in effect at the relevant time, provides for a one-year license revocation when DOT receives certification of a conviction for "[a]ny felony in the commission of which a court determines that a vehicle was essentially involved." DOT received a Form DL–21B reporting Zimmerman's AA–DUI conviction in which a vehicle was essentially involved. That form constitutes prima facie evidence that a vehicle was involved in Zimmerman's AA–DUI offense. *Department of Transportation, Bureau of Driver Licensing v. Kappas*, 153 Pa.Cmwlth. 584, 621 A.2d 1204 (1993). Moreover, use of a vehicle is clearly an essential element of AA–DUI: an individual must be convicted of driving under the influence in order to be convicted of AA–DUI.

## II

■ Turning now to the principal issue in this appeal, DOT contends that the trial court erred in concluding that AA–DUI and DUI merge for purposes of imposing civil sanctions. The doctrine of merger of related offenses "is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction." *Commonwealth v. Anderson*, 538 Pa. 574, 577, 650 A.2d 20, 21 (1994). The operative inquiry is whether the crimes involved are greater and lesser-included offenses,[4] i.e.,

whether the two charges constitute the same offense.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether they are two offenses or only one is whether each provision requires proof of a fact which the other does not. *Commonwealth v. Comer*, 552 Pa. 527, 538, 716 A.2d 593, 599 (1998) (quoting *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932)). Thus if all of the elements of one crime must be proven to establish the commission of another crime then the former crime is a lesser-included offense of the latter. However, the offenses are distinct and do not merge if each crime has an element that is not required to prove the commission of the other crime. *Anderson*.

Section 3735.1(a) of the Vehicle Code, 75 Pa.C.S. § 3735.1(a), defines the offense of AA–DUI as follows:

Any person who negligently causes serious bodily injury to another person as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 commits a felony of the second degree when the violation is the cause of the injury.

Thus the definition of AA–DUI expressly incorporates the commission of the offense of DUI and conviction thereof as one of its elements.[5] The offense of AA–DUI requires the commission and conviction of DUI plus the additional element that the

**3.** The Court rejects DOT's argument that Zimmerman waived this issue by failing to raise it before the trial court. As mentioned, the record does not reflect that DOT relied upon the amended Section 1532(a)(3) before the trial court, and to the extent that DOT did so Zimmerman raised the issue. *See* N.T. at pp. 9—10.

**4.** The terms "greater" and "lesser" refer to the logical relationship of the offenses; the "greater" offense is the one that has more elements and therefore subsumes the elements of the "lesser" offense. However, the

terms do not connote the relative seriousness of the offenses. Thus the merger doctrine requires that only one sentence be imposed when related offenses merge, but the doctrine has nothing to say about which sentence that should be. *Commonwealth v. Everett*, 550 Pa. 312, 705 A.2d 837 (1998).

**5.** Section 3731(a) of the Vehicle Code defines the offense of DUI as follows:

**Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

offender negligently causes serious bodily injury to another person as a result of the DUI offense.

■ Hence, all of the elements of DUI must be proven to establish the commission of AA–DUI, and DUI is incontrovertibly a lesser-included offense of AA–DUI. *See generally Commonwealth v. Neupert,* 454 Pa.Super. 62, 684 A.2d 627 (1996) (stating that the offense of DUI merges for sentencing purposes with the offense of Homicide by Vehicle/DUI because the latter offense contains a DUI conviction as an element and that Homicide by Vehicle does not merge with Homicide by Vehicle/DUI since each of those crimes contains an element that the other does not contain). Accordingly, a person who is convicted of both AA–DUI and DUI arising from the same criminal transaction has in actuality committed only the greater criminal offense of AA–DUI. *Comer; Anderson.*

DOT cites multiple decisions by this Court for the proposition that it is required to impose a separate penalty for each violation when an individual is convicted of multiple offenses from a single criminal transaction. *See, e.g., Department of Transportation, Bureau of Driver Licensing v. Lescisin,* 156 Pa.Cmwlth. 666, 628 A.2d 1208 (1993); *Department of Transportation, Bureau of Driver Licensing v. Maddesi,* 138 Pa.Cmwlth. 467, 588 A.2d 580 (1991); *Department of Transportation, Bureau of Traffic Safety v. Bishop,* 102 Pa.Cmwlth. 483, 518 A.2d 897 (1986); *Parks v. Commonwealth,* 40 Pa.Cmwlth. 544, 398 A.2d 230 (1979). However, the violators in these cases either committed offenses with distinct elements or committed offenses arising from separate acts.[6] Accordingly, these cases are inapposite.

■ The Court has applied the doctrine of merger of related offenses to proceedings before DOT and proceedings before other administrative tribunals that arise from criminal convictions. *Xenakis v. Department of Transportation, Bureau of Driver Licensing,* 702 A.2d 572 (Pa. Cmwlth.1997) (upholding separate suspensions where each offense was characterized separately and none of the offenses were lesser-included offenses of the others); *Maddesi* (applying the doctrine of merger of related offenses to allocation of points); *Morrow v. Pennsylvania Board of Probation and Parole,* 114 Pa.Cmwlth. 48, 538 A.2d 595 (1988) (applying the doctrine of merger of related offenses while recognizing that the parole proceeding was administrative and not bound by the precedents of criminal law). Separate administrative penalties for multiple convictions arising from the same transaction are prohibited where the convictions are greater and lesser included offenses. *Xenakis.*

DOT argues that it is required to impose separate sentences because Section 1532 of the Vehicle Code uses the term "shall" when referring to DOT's duty to impose penalties upon receipt of certifications of convictions for enumerated offenses. It is well settled that "[t]he purpose of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921; *Meier v. Maleski,* 670 A.2d 755 (Pa.Cmwlth.1996), *aff'd per cu-*

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

(2) While under the influence of any controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, to a degree which renders the person incapable of safe driving.

(3) While under the combined influence of alcohol and any controlled substance to a degree which renders the person incapable of safe driving.

(4) While the amount of alcohol by weight in the blood of:
  (i) an adult is 0.10% or greater; or
  (ii) a minor is 0.02% or greater.

**6.** The Court's decision in *Gilson v. Commonwealth,* 75 Pa.Cmwlth. 616, 462 A.2d 357 (1983), is likewise inapposite. The violator in that case was charged with Homicide by Vehicle and with DUI arising from one incident. Clearly, those offenses are distinct.

*riam,* 549 Pa. 171, 700 A.2d 1262 (1997). As previously mentioned, the merger doctrine is used to determine "whether the legislature intends that a single sentence should constitute all of the punishment for offenses that arise from the same criminal act or transaction." *Commonwealth v. Everett,* 550 Pa. 312, 316, 705 A.2d 837, 839 (1998).

The Court finds nothing in Section 1532 to suggest that the General Assembly intended DOT to impose two separate civil penalties for violations of the Vehicle Code which merged pursuant to well established case law and which therefore constitute one offense that the legislature intended to be punished with a single sentence. Accordingly, because the Court is not persuaded by DOT's statutory interpretation argument, the Court rejects DOT's claim that it was authorized to revoke Zimmerman's operating privileges for an additional one year pursuant to the November 3, 1998 revocation notice. The order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of September, 2000, the order of the Bucks County Court of Common Pleas sustaining the license revocation appeal of Craig L. Zimmerman is hereby affirmed.

Concurring opinion by Judge FRIEDMAN.

Judge DOYLE dissents.

FRIEDMAN, Judge, concurring.

I concur in the result reached by the majority. However, I write separately to set forth a more concise approach to the issue presented based on the view expressed by Chief Justice Nix in *Commonwealth v. Williams,* 521 Pa. 556, 559 A.2d 25 (1989) (Nix, J., concurring). In *Williams,* Chief Justice Nix stated that, where the legislature has determined the penalty to be imposed for the conviction of an offense, it is to be assumed that the penalty encompasses any lesser-included offenses.[1] *Id.* In this case, the legislature has determined that the penalty for conviction of a felony essentially involving a vehicle is a one-year driver's license suspension. Section 1532(a)(1) of the Vehicle Code, 75 Pa.C.S. § 1532(a)(1). Thus, it is to be assumed that the one-year suspension covers lesser-included offenses arising from the same incident.

The licensee here was convicted of both Driving Under the Influence (DUI) and Aggravated Assault by Vehicle While Driving Under the Influence (AA–DUI) in connection with a December 17, 1997 motor vehicle accident. As the majority indicates, "DUI is incontrovertibly a lesser-included offense of AA–DUI." (Majority op. at 957.) Therefore, the Department of Transportation, Bureau of Driver Licensing (DOT) was authorized to impose only a single one-year suspension upon the licensee pursuant to section 1532(a)(1) of the Vehicle Code, 75 Pa.C.S. § 1532(a)(1).[2]

Accordingly, for different reasons, I would affirm.

---

1. An offense is a lesser-included offense of another if the elements of the offense are capable of being wholly contained within the elements of the other offense. 28 Standard Pennsylvania Practice 2d § 137:78 (1999). Obviously, when the legislature establishes a penalty for a particular offense, that penalty covers all of the elements of that offense. Because lesser-included offenses are wholly contained within the elements of the greater offense, the penalty covers the lesser-included offense.

2. Ordinarily, where a person is convicted of an offense and a lesser-included offense, the person receives the penalty attached to the greater offense, i.e., the offense to which the legislature has attached the greatest penalty. 28 Standard Pennsylvania Practice 2d § 137:78 (1999). However, on those rare occasions where the lesser-included offense carries the greater penalty, the sentencing authority has discretion to impose the penalty attached to the lesser-included offense. *Commonwealth v. Everett,* 550 Pa. 312, 705 A.2d 837 (1998).