William J. **BELL**

v.

**COMMONWEALTH** of Pennsylvania, **DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING,** Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 19, 2013.

Decided July 3, 2013.

Terrance M. Edwards, Harrisburg, for appellant.

William J. Bell, pro se.

BEFORE: PELLEGRINI, President Judge, and LEAVITT, Judge and FRIEDMAN, Senior Judge.

Opinion by Senior Judge FRIEDMAN.

The Department of Transportation, Bureau of Driver Licensing (DOT), appeals from the September 27, 2012, order of the Court of Common Pleas of Bucks County (trial court), sustaining the appeal of William J. Bell and reducing the two three-year suspensions of his operating privilege that DOT imposed pursuant to section

1532(a.1) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(a.1),[1] to one three-year suspension. We affirm.

On February 15, 2012, Bell was convicted of three Code violations that occurred on April 19, 2011. Bell violated section 3802(c) of the Code, 75 Pa.C.S. § 3802(c) (relating to driving under the influence of alcohol or a controlled substance) (DUI), section 3735 of the Code, 75 Pa.C.S. § 3735 (relating to homicide by vehicle while DUI), and section 3732 of the Code, 75 Pa.C.S. § 3732 (relating to homicide by vehicle).

On March 20, 2012, DOT imposed: (1) a one-year suspension of Bell's operating privilege, effective February 15, 2012, in accordance with section 3804(e)(2)(i) of the Code, 75 Pa.C.S. § 3804(e)(2)(i), for the DUI; (2) a three-year suspension of Bell's operating privilege, effective February 15, 2013, in accordance with section 1532(a.1)(1) of the Code, 75 Pa.C.S. § 1532(a.1)(1), for the homicide by vehicle while DUI; and (3) a second three-year suspension of Bell's operating privilege, effective February 15, 2016, in accordance with section 1532(a.1)(2) of the Code, 75 Pa.C.S. § 1532(a.1)(2), for the homicide by vehicle.

On April 17, 2012, Bell filed a single statutory appeal of all three suspensions with the trial court. At a *de novo* hearing on August 24, 2012, Bell acknowledged that while driving home from a funeral reception, he crossed the center line and struck another vehicle, causing the death of a woman. Bell is currently incarcerated based on his convictions. (N.T., 8/24/12, at 2–3.)

Bell offered into evidence the criminal trial court's "court summary" showing that for sentencing purposes, it had merged the homicide by vehicle and the homicide by vehicle while DUI convictions and imposed a single three-year prison sentence. The criminal trial court also sentenced Bell to 72 hours to six months incarceration for the DUI conviction. (N.T., 8/24/12, at 3.)

Bell argued at the hearing before the trial court that he should only receive one civil penalty, i.e., one three-year license suspension, for the criminal convictions of homicide by vehicle and homicide by vehicle while DUI because the criminal court had merged the two convictions for sentencing purposes. (N.T., 8/24/12, at 3–7.) The trial court agreed, and on October 9, 2012, it issued an order merging for suspension purposes the DUI and the homicide by vehicle convictions with the homicide by vehicle while DUI conviction, and imposing a single three-year license suspension beginning February 15, 2012.[2] DOT appealed to this court.[3]

DOT contends that the trial court erred in merging the convictions and reducing suspensions. We disagree.

1. Section 1532(a.1) of the Code provides:

**Three-year suspension.**—The department shall suspend the operating privilege of any driver for three years upon receiving a certified record of the driver's conviction of or an adjudication of delinquency based on a violation of any of the following offenses:
 (1) Any violation of section 3732 (relating to homicide by vehicle).
 (2) Any violation of section 3735 (relating to homicide by vehicle while driving under influence).

2. We note that DOT does not contest the merger for suspension purposes of the DUI with the homicide by vehicle while DUI.

3. Our review is limited to determining whether the trial court's findings are supported by competent evidence, whether errors of law were committed, or whether the trial court abused its discretion in making its determination. *Department of Transportation v. Renwick*, 543 Pa. 122, 126 n. 2, 669 A.2d 934, 936 n. 2 (1996).

In *Commonwealth v. Anderson,* 538 Pa. 574, 575–76, 650 A.2d 20, 20–21 (1994), Anderson, who shot a woman, was convicted of aggravated assault, attempted murder, and possession of an instrument of crime. Anderson argued that the crimes of attempted murder and aggravated assault should merge for sentencing purposes. The Supreme Court held that "in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses." *Id.* at 579, 650 A.2d at 22. To determine if an offense is a lesser included offense, the Supreme Court established the following test:

> Our inquiry, under either description of merger, is whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge, or whether both crimes require proof of at least one element which the other does not, in which case the sentences do not merge.

*Id.* at 582, 650 A.2d at 24.

Ultimately, the Supreme Court determined that aggravated assault was a lesser included offense of attempted murder based upon the acts and the intent necessary to establish the offenses. *Id.* at 583, 650 A.2d at 24. "It is tautologous that one cannot kill without inflicting serious bodily injury." *Id.*

In *Commonwealth v. Comer,* 552 Pa. 527, 529–30, 716 A.2d 593, 595 (1998), Comer drove his vehicle into a bus stand and was convicted of recklessly endangering another person, homicide by vehicle, involuntary manslaughter, and aggravated assault. Comer maintained that his convictions for involuntary manslaughter and homicide by vehicle were based upon the same conduct that caused a single death; therefore, imposition of multiple sentences violated the double jeopardy clauses of the Pennsylvania and United States Constitutions. *Id.* at 536, 716 A.2d at 598.

The Supreme Court determined that Comer's act of recklessly driving his vehicle into a bus stand supported "both the general element of the 'commission of a reckless act' of involuntary manslaughter and the specific requirement of a Vehicle Code violation of homicide by vehicle. Thus[,] the elements of homicide by vehicle as charged are subsumed in the elements of involuntary manslaughter and neither offense requires proof which the other does not." *Id.* at 539, 716 A.2d at 599. The Supreme Court noted that " 'any merger analysis must proceed on the basis of its facts . . . .' " *Id.* at 539 n. 15, 716 A.2d at 599 n. 15 (citation omitted).

In *Zimmerman v. Department of Transportation, Bureau of Driver Licensing,* 759 A.2d 953, 955 (Pa.Cmwlth.2000) (*en banc*), DOT revoked Zimmerman's operating privilege pursuant to a conviction for DUI and aggravated assault by vehicle while DUI (AA–DUI). Zimmerman appealed, contending that the DUI and AA–DUI should merge for purposes of suspension of his operating privilege.

This court determined that all of the elements of DUI must be proven to establish the commission of AA–DUI and, therefore, DUI is a lesser-included offense of AA–DUI. This court found that there is:

> nothing in Section 1532 to suggest that the General Assembly intended DOT to impose two separate civil penalties for violations of the Vehicle Code which merged pursuant to well established case law and which therefore constitute one offense that the legislature intended to be punished with a single sentence.

*Zimmerman,* 759 A.2d at 958. Therefore, the two offenses merged for operating privilege suspension purposes. *Id.*

On December 9, 2002, the legislature adopted section 9765 of the Sentencing Code, which states:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

In *Drabic v. Department of Transportation, Bureau of Driver Licensing,* 588 Pa. 670, 672, 906 A.2d 1153, 1154 (2006), Drabic was involved in a motor vehicle accident that killed a passenger in his vehicle. Drabic pled guilty to 14 offenses, including homicide by vehicle while DUI and AA–DUI. *Id.* at 673, 906 A.2d at 1155. Subsequently, DOT imposed 14 suspensions, totaling 12 years, 6 months, and 30 days. Drabic appealed 12 of the suspensions, arguing that because his criminal offenses were lesser-included offenses and merged with his homicide by vehicle while DUI for sentencing purposes, his operating privilege suspensions should merge also. This court upheld the trial court's merger of Drabic's suspensions stemming from DUI and AA–DUI into his suspension for homicide by vehicle while DUI.

On appeal, the Supreme Court determined that "the plain language of [section 1532 of the Code] directs that only a single suspension can be imposed based upon a single criminal episode." *Drabic,* 588 Pa. at 675, 906 A.2d at 1156. The Supreme Court addressed the doctrine of merger, citing *Zimmerman,* and found that Drabic's "suspensions derived directly from the underlying criminal convictions and there is no question that those underlying criminal convictions merge." *Id.* at 680, 906 A.2d at 1159. Thus, the convictions merge for suspension purposes as well. *Id.*

In *Strawn v. Department of Transportation,* 609 Pa. 482, 484, 17 A.3d 320, 321 (2011), Strawn pled guilty to DUI, failing to stop after an accident involving damage to attended vehicle or property, reckless driving, and fleeing a police officer. DOT suspended Strawn's operating privilege for an aggregate of three years. Strawn appealed, contending that his multiple operating privilege suspensions arose from a single criminal episode. *Id.* at 484, 17 A.3d at 322.

■ The Supreme Court overruled *Drabic* in part, determining that the single criminal episode analysis should be used only in matters involving license suspensions issued pursuant to section 1532(c) of the Code, which involve violations of The Controlled Substance, Drug, Device and Cosmetic Act.[4] *Id.* at 496, 17 A.3d at 329. Thus, the merger analysis in *Drabic* should be applied to suspensions imposed for moving violations, such as those under sections 1532(a) and (a.1). Pursuant to *Drabic,* suspensions " 'should be merged to accord with the merger of the underlying criminal convictions from which the collateral civil consequences flow.' "[5] *Id.* at 489,

---

**4.** Act of April 14, 1972, P.L. 233, *as amended,* 35 P.S. §§ 780–101–780–144.

**5.** The Supreme Court also looked at section 1532(b) of the Code and noted that the language triggers a separate license suspension for each violation of any offense identified in section 1532(b). *Strawn,* 609 Pa. at 494–95, 17 A.3d at 328. The Supreme Court concluded that section 1532(b) of the Code "imposes multiple operating privilege suspensions for the commission of multiple offenses." *Id.* at 495, 17 A.3d at 328.

17 A.3d at 324 (citation omitted). The Supreme Court held that the imposition of multiple operating privilege suspensions was appropriately applied to Strawn's violation.

■ Here, in determining whether merger is appropriate, we examine Bell's convictions of homicide by vehicle and homicide by vehicle while DUI. The offense of homicide by vehicle is defined under section 3732 of the Code,[6] 75 Pa.C.S. § 3732 as:

(a) Offense.—Any person who recklessly or with gross negligence causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic except section 3802 (relating to driving under the influence of alcohol or controlled substance) is guilty of homicide by vehicle, a felony of the third degree, when the violation is the cause of death.

The offense of homicide by vehicle while DUI is defined under section 3735 of the Code,[7] 75 Pa.C.S. § 3735 as:

(a) Offense defined.—Any person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802 is guilty of a felony of the second degree when the violation is the cause of death and the sentencing court shall order the person to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of the violation of section 3802.

Homicide by vehicle and homicide by vehicle while DUI both require the unintentional[8] death of a person caused by an individual operating a vehicle, with homicide by vehicle while DUI requiring an

---

**6.** We note that "[t]he December 20, 2000 amendment to [s]ection 3732 substituted 'recklessly or with gross negligence' for 'unintentionally' and increased the offense from a misdemeanor of the first degree to a felony of the third degree." *Commonwealth v. Grimes,* 842 A.2d 432, 434 (Pa.Super.2004); 75 Pa. C.S. § 3732 historical and statutory notes (Act 2000–108 legislation).

**7.** We note that the July 11, 1996, amendment to section 3735 "changed the offense from a third degree felony to a second degree felony." 75 Pa.C.S. § 3735 historical and statutory notes (Act 1996–8 legislation).

**8.** "[G]ross negligence is *not* the equivalent of criminal negligence as defined in 18 Pa.C.S. § 302(b)(4) but rather the concept of gross negligence is encompassed within the concept of recklessness as set forth in section 302(b)(3)." *Grimes,* 842 A.2d at 434 (footnotes omitted). With respect to recklessness, section 302(b)(3) of the Crimes Code sets forth that:

[a] person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and un-

justifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

A person acts "intentionally" regarding the material elements of an offense:

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

18 Pa.C.S. § 302(b)(1)(i) and (ii). Thus, both "reckless" and "gross negligence," which is encompassed within "reckless," are "unintentional" acts.

additional element of a DUI conviction.[9]

Here, Bell, while operating a vehicle, unintentionally crossed over the center line and struck another vehicle, causing the death of a person. These facts were the basis of both the homicide by vehicle and the homicide by vehicle while DUI convictions. Bell was also convicted of DUI. The same set of facts that supported the homicide by vehicle supported the homicide by vehicle while DUI, with only the additional element of a DUI conviction for the homicide by vehicle while DUI. Thus, under the merger analysis, the elements of the lesser included offense, homicide by vehicle, are included within the elements of the greater offense, homicide by vehicle while DUI.

Further, the criminal trial court merged, for sentencing purposes, the homicide by vehicle, a felony of the third degree, and the homicide by vehicle while DUI, a felony of the second degree. The civil trial court looked at the facts of the case and determined that there was one motor vehicle incident of crossing the center line that resulted in the death of one person for which the criminal trial court imposed one sentence. Because the criminal court merged the two convictions for sentencing purposes and the operating privilege suspensions stem directly from the underlying criminal convictions, the collateral civil consequence of the operating privilege suspensions must merge. Thus, the trial court correctly imposed a civil penalty based upon that merger, and the homicide by vehicle merged into homicide by vehicle while DUI for suspension purposes.[10]

Accordingly, we affirm the order of the trial court.

### ORDER

AND NOW, this *3rd* day of *July,* 2013, we hereby affirm the September 27, 2012, order of the Court of Common Pleas of Bucks County.

---

9. We note that in order to be guilty of homicide by vehicle while DUI, there needs to be some other violation of the Code other than DUI, e.g., failure to yield to a pedestrian, reckless driving, driving too fast for conditions, following too closely, or driving on the wrong side of the road, because DUI itself does not cause an accident.

10. DOT also argues that this court should overrule *Zimmerman* because the intent of the General Assembly as expressed in 75 Pa.C.S. § 1532(a), (a.1), and (b), and 75 Pa.C.S. § 1544(b) is for DOT to impose a separate suspension for each conviction for which the Code mandates a suspension. We disagree. As in *Zimmerman,* we see nothing to suggest that the General Assembly intended for DOT to impose separate civil penalties for each violation of the Code that can be merged with another offense and is punishable by a single sentence. Therefore, we decline to overrule this court's decision in *Zimmerman.*