J-A29025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHALID EID | : | |
| | : | |
| Appellant | : | No. 1670 EDA 2017 |

Appeal from the Judgment of Sentence April 26, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003605-2016

BEFORE: OTT, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED JULY 11, 2019**

Appellant, Khalid Eid, appeals from the Judgment of Sentence entered by the Philadelphia County Court of Common Pleas following his convictions after a bench trial of three counts of Driving Under the Influence ("DUI") and one count of Driving While Operating Privilege Suspended ("DUS").[1] Appellant challenges the sufficiency of evidence and the legality of his sentence. After careful review, we affirm the convictions, vacate the sentence, and remand for resentencing.

We glean the following factual and procedural history from the certified record. On February 25, 2015, around 11:30 PM, Police Officer Stephen Nagy observed a black Nissan with its engine running and facing the wrong direction on a one-way street on the 1400 block of Levick Street, in Philadelphia. The

---

[1] 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 1543(b)(1.1), respectively.

---

\* Former Justice specially assigned to the Superior Court.

Nissan had hit a parked car, which forced the parked car into the front of another car.

Officer Nagy approached the Nissan, and asked the driver, Appellant, for his license, registration, and insurance. Appellant was disheveled, his eyes were glassy and red, and there was a moderate odor of alcohol omitting from his person and inside the vehicle. Appellant had a difficult time retrieving the items from his back pocket; therefore, Officer Nagy asked him to step out of his vehicle.

Once Appellant was outside the vehicle, Officer Nagy noticed that he was unsteady on his feet, and called for a wagon to transport Appellant to the Accident Investigation Division ("AID") for testing. As they were waiting for the wagon, Appellant urinated on himself.

Appellant arrived at the AID around 1:40 AM and was met by Police Officer Harrison. Officer Harrison administered *O'Connell*[2] warnings to Appellant and instructed him about the ramifications of a chemical test refusal. Appellant refused to take a breath or blood test. Later, Officer Harrison noticed that Appellant had marijuana debris in his mouth, and requested that Appellant take a blood test. Appellant refused.

The Commonwealth charged Appellant with DUI-General Impairment, DUI-Accident Resulting in Damage to a Vehicle ("DUI-Accident"), DUI-Refusal

---

[2] *Commonwealth v. O'Connell*, 555 A.2d 873 (Pa. 1989).

to Testing of Blood or Breath ("DUI-Refusal"), citing 75 Pa.C.S. § 3802(a)(1) as the applicable statute for each DUI. The Information charged DUS with reference to 75 Pa.C.S. § 1543(a).[3]

On March 2, 2016, a hearing was held in municipal court. Officers Nagy and Harrison testified; the municipal court found Appellant guilty of all the charges and sentenced him to, *inter alia*, an aggregate term of one to two years' imprisonment and a $2,500 fine. Appellant appealed to the Court of Common Pleas.

A *de novo* bench trial was held on December 5, 2016. At the beginning of trial, the Commonwealth stated, in relevant part, that with respect to the DUS offense, it would be proceeding under "1543B, driving while under a suspended or revoked license." N.T. Trial, 12/5/16, at 6. The court then heard testimony from Officer Nagy, and admitted Officer Harrison's testimony from the municipal court hearing.[4] The trial court found Appellant guilty of all charges.

At sentencing, the court merged the DUI convictions and imposed a term of 90 days to six months' imprisonment, plus two years of probation and a fine of $2,500. For the DUS conviction, the court imposed the same term of

---

[3] The trial court docket indicates, and Appellant does not challenge, that the Commonwealth later amended the Information. Docket, at 14 (unpaginated). **See** Appellant's Reply Br. at 5.

[4] Officer Harrison had passed away prior to the trial *de novo*.

- 3 -

incarceration and probation to run concurrent to the DUI sentence, and a fine of $1,000.

Appellant filed a timely Notice of Appeal. Appellant complied with Pa.R.A.P. 1925, and the trial court issued a Rule 1925(a) Opinion.

Appellant presents the following Statement of Questions Involved:

1. Was not the evidence insufficient to sustain Appellant's conviction for driving under the influence, general impairment, under 75 Pa.C.S. §§ 3802(a)(1), 3802(a)(1)-with accident, and 3802(a)(1)-with refusal, because the evidence failed to prove that Appellant was rendered incapable of safely driving due exclusively to the consumption of alcohol?

2. Was not the evidence insufficient to sustain Appellant's conviction for driving under a suspended license under 75 Pa.C.S. § 1543(b)(1.1)(i) because Appellant was not given a chemical test, and thus, there was no evidence that he had an "amount of alcohol by weight in his blood that is equal to or greater than .02%" or that he had any amount of schedule I, II, or III controlled substances in his blood "at the time of testing"; and the Commonwealth did not move on the portion of the statute relating to refusals, and even if it had, the statute is unconstitutional and sentence is illegal under **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160 (2016) and Article 1, Section 8, because it penalizes the refusal to submit to a warrantless blood test?

3. Was not the sentence imposed for a conviction upon 75 Pa.C.S. § 3802(a)(1)-with accident and with refusal, illegal because it exceeded the maximum sentence allowed by law and, because Appellant cannot be sentenced to an enhanced penalty for refusing to submit to a warrantless blood test upon threat of punishment under **Birchfield** and **Commonwealth v. Giron**, 155 A.3d 635 (Pa. Super. 2017)?

4. If Appellant was properly convicted under 75 Pa.C.S. § 1543(b)(1.1)(i) for the refusal to take a chemical test, did

> not the lower court impose an illegal sentence because it imposed a sentence beyond the 90 day statutory maximum?

Appellant's Br. at 3-4.

## Sufficiency of the Evidence - DUI Convictions

In the first issue, Appellant challenges the sufficiency of evidence regarding his three DUI convictions. He asserts that 75 Pa.C.S. § 3802(a)(1) requires that the Commonwealth prove that alcohol alone rendered him incapable of safely driving. Appellant's Br. at 13-16. Appellant notes that because the Commonwealth presented evidence of his marijuana use, the cause of his driving impairment is unclear and his DUI convictions should be reversed. *Id.* Appellant's argument is without merit.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "[O]ur standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchinson***, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted). In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." ***Commonwealth v. May***, 887 A.2d 750, 753 (Pa. 2005) (citation omitted).

"Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the

evidence." **Commonwealth v. Miller**, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." **Id.**

Section 3802(a)(1) provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). The types of evidence that the Commonwealth may proffer in a subsection 3802(a)(1) prosecution include the offender's actions and behavior; demeanor; physical appearance, particularly bloodshot eyes and other physical signs of intoxication; odor of alcohol; and slurred speech."[5] **Commonwealth v. Segida**, 985 A.2d 871, 879 (Pa. 2009).

Following our review of the record, in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient to support the trial court's determination that Appellant was incapable of safely operating his vehicle after imbibing a sufficient amount of

_____

[5] While Appellant cites to cases that reiterate that Section 3802 prohibits driving when the vehicle operator is incapable of safely operating an automobile because of drinking alcohol, he does not cite to any case that holds that evidence that a defendant may have been under the influence of marijuana precludes a finding that a defendant was incapable of safely operating a vehicle because of alcohol consumption under Section 3802(a). **See** Appellant's Br. at 13-16.

alcohol. Officer Nagy testified that on the evening of the incident, he observed Appellant in a vehicle pointing the wrong direction on a one-way street. N.T. Trial, 12/5/16, at 14. He described Appellant as disheveled, with glassy and red eyes, and having a moderate odor of alcohol emitting from his person and inside the vehicle. *Id.* at 12. Officer Nagy also noted that Appellant had a difficult time retrieving his license and registration, was wobbly on his feet, and urinated on himself while waiting for a vehicle to transport him to AID. *Id.* at 12-13. Appellant's challenge to the sufficiency of evidence supporting his DUI convictions lacks merit, and he is, thus, not entitled to relief.

**Sufficiency of the Evidence – DUS Conviction**

In his second issue, Appellant avers that the evidence was insufficient to sustain the conviction for DUS under Section 1543(b)(1.1). Appellant first challenges the sufficiency of the evidence on the grounds that the Criminal Information only quotes a portion of Section 1543(b)(1.1) and not the portion on which the Commonwealth based its case. Appellant's Br. at 16-17, 21.

In particular, Appellant argues that the Criminal Information only quotes from the provision that addresses a defendant who has a blood alcohol level above .02% and not a defendant who refuses blood testing. Appellant concludes that since the Commonwealth only presented evidence of Appellant's refusal and not his blood alcohol level, the evidence does not support the conviction for driving with a suspended license. *Id.*

Section 1543(b)(1.1) provides for three situations in which a defendant, who is driving with a suspended or revoked license, can be convicted: driving

with blood alcohol level above .02%, driving with certain controlled substances in his blood, or refusing blood or breath testing:

> A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance,. . . or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked . . . shall, upon a first conviction, be guilty of a summary offense[.]

75 Pa.C.S. § 1543(b)(1.1).  In this case, the original Criminal Information only quoted the portion of this section that addresses a defendant who drives with a suspended license and has alcohol or drugs in his blood. The original Criminal Information did not quote from the portion of this section that addresses a defendant who drives with a suspended license and refuses blood or breath testing.

The Commonwealth, however, amended the Criminal Information at the start of the trial to include the entire section of 1543(b)(1.1).  In particular, the Assistant District Attorney informed the court at the beginning of the trial that the Commonwealth would be proceeding under "1543[b], driving while under a suspended or revoked license."  N.T. Trial, 12/5/16 at 6.  Appellant's counsel did not object to the amendment to the Criminal Information. *Id.*[6]

---

[6] Moreover, to the extent that Appellant challenges the amended Criminal Information, that challenge is waived.  "A party may not remain silent and

- 8 -

The trial court permitted the Commonwealth to amend the Criminal Information. *See* Trial Ct. Docket, at 14 (unpaginated). Thus, the amended Criminal Information encompassed all possibilities under 1543(b), including refusal to take a blood test. Since the Commonwealth's evidence included evidence of the Appellant's refusal to take a blood test, the evidence was consistent with the amended Criminal Information.

Appellant also argues that his DUS conviction cannot be sustained based on *Birchfield v. North Dakota*, ___ U.S. ___, 136 S.Ct. 2160 (2016). Appellant's Br. at 24-27. Appellant's sufficiency argument does not implicate *Birchfield* because *Birchfield* addresses suppression issues and sentencing issues, but not challenges to the sufficiency of the evidence. In *Birchfield*, "the Supreme Court of the United States held that a state cannot impose criminal penalties upon an individual who refuses to submit to a warrantless blood test because such penalties violate an individual's Fourth Amendment . . . right to be free from unreasonable searches[.]" *Giron*, 155 A.3d at 639

---

afterwards complain of matters which, if erroneous, the court would have corrected." *Commonwealth v. Strunk*, 953 A.2d 577, 579 (Pa. Super. 2008) (citations omitted). *See United States v. Olano*, 507 U.S. 725, 731 (1993) (acknowledging that "a constitutional right or a right of any other sort may be forfeited in criminal . . . cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it"); Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, because Appellant did not object to the amendment nor requested clarification of the amendment at trial, he waived this issue for purposes of appeal.

(citing **Birchfield**, 136 S.Ct. at 2185-86). Thus, **Birchfield** is not relevant in evaluating the sufficiency of the evidence in this case.

Appellant's final argument is that the trial court erred in finding sufficient evidence to convict Appellant of Section 1543(b)(1.1). In order to convict Appellant, the trial court had to find that Appellant "refused testing of blood or breath; **and** (2) drove a motor vehicle on any highway or trafficway of this Commonwealth at a time when his operating privilege was suspended or revoked." 75 Pa.C.S. § 1543(b)(1.1).

Following our review of the record in the light most favorable to the Commonwealth as the verdict winner, we conclude that the record supports the trial court's determination that Appellant refused testing of blood and drove a motor vehicle at a time when his license was suspended. Appellant's Certified Driving Record demonstrates that on the date of the police arrested Appellant, February 25, 2015, Appellant's license had been suspended. N.T. Trial, 12/5/16, at 25-26. Additionally, Officer Harrison testified that when Appellant arrived at the AID around 1:40 AM on February 26, 2015, he requested that Appellant take a breath or blood test, but Appellant refused. N.T. Trial, 3/2/16 at 17-19. Thus, we conclude that Appellant's challenge to the sufficiency of evidence supporting his DUS conviction lacks merit, and he is, therefore, not entitled to relief.

**<u>Illegal Sentencing – DUI Convictions</u>**

In his third issue, Appellant asserts that his DUI sentence of 90 days to six months of incarceration followed by two years of probation is illegal. He contends that the maximum sentence that could be imposed is six months; therefore, the probation period of his sentence is illegal.[7] Appellant's Br. at 27-30; Appellant's Reply Br. at 8-9.

Our standard of review over challenges to the legality of sentence is *de novo* and our scope of review is plenary. ***Commonwealth v. Aikens***, 139 A.3d 244, 245 (Pa. Super. 2014). "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Rivera***, 95 A.3d 913, 915 (Pa. Super. 2014) (citations omitted).

The trial court merged Appellant's DUI-General and DUI-Refusal convictions with the DUI-Accident conviction for purposes of sentencing.[8] Sentencing Order, dated 4/26/17. Thus, the court elected to sentence

---

[7] Appellant does not contest the merging of his DUI convictions for sentencing purposes.

[8] In its 1925(a) Opinion, the trial court asserts that it sentenced Appellant to 90 days to 6 months of imprisonment, followed by two years of probation "on [all] three DUI offenses, with the sentences running concurr[e]nt[ly]." Trial Ct. Op., filed 12/28/17, at 2. However, the Sentencing Order indicates that the DUI convictions were merged for purposes of sentencing. Sentencing Order, dated 4/26/17.

Appellant on the DUI-Accident conviction.[9] *See Commonwealth v. Everett*, 705 A.2d 837, 839 (Pa. 1998) (concluding that when imposing one sentence on merged convictions, the trial court has discretion to sentence defendant on either offense); *see also* 42 Pa.C.S. § 9765 ("Where crimes merge for sentencing purposes, [a] court may sentence the defendant . . . on the higher graded offense.").

Pursuant to Section 3803(b)(1), an individual convicted of DUI-Accident and who has one prior offense[10] commits a misdemeanor for which "the

---

[9] In two footnotes, Appellee acknowledges that the trial court found that Appellant violated three separate subsections of the DUI statute. However, it asserts that they were not separate crimes, but factual findings necessary to establish different gradings of the same offense under 75 Pa.C.S. § 3802. Appellee's Br. at 5 n.2, 16 n.6.

We have noted that to avoid possible double jeopardy implications, "where a single DUI offense is subject to [sentencing] enhancements, the Commonwealth should file a criminal information that sets forth a single count under § 3802[, and e]nhancements under § 3804 may be added as subparts or subparagraphs, as appropriate." *Commonwealth v. Farrow*, 168 A.3d 207, 218 (Pa. Super. 2017). Nevertheless, "the Commonwealth . . . routinely files criminal informations that include [multiple] general impairment counts" with one count alleging DUI-general and the other counts alleging enhancements. *Commonwealth v. Mobley*, 14 A.3d 887, 894 (Pa. Super. 2011).

Here, the Commonwealth filed a Criminal Information that included three general impairment counts with one count alleging DUI-general and the other counts alleging sentencing enhancements, accident and refusal. Information, printed 4/22/16. Appellant was convicted of all three separate DUI counts, and the trial court merged the counts for sentencing purposes. To the extent the Commonwealth contests the Information or convictions, it cannot raise this issue for the first time on appeal. Pa.R.A.P. 302.

[10] There is no dispute that Appellant had a prior offense.

individual may be sentenced to a term of imprisonment of **not more than six months**[.]" 75 Pa.C.S. § 3803(b)(1) (emphasis added). A court may impose a split sentence, a sentence that includes a period of incarceration as well as a period of probation. ***Commonwealth v. Johnson***, 967 A.2d 1001, 1004 n.3 (Pa. Super. 2009). However, the total amount of time imposed in a split sentence cannot exceed the statutory maximum. ***Commonwealth v. Crump***, 995 A.2d 1280, 1283-84. For example, "where the maximum is ten years, a defendant cannot received a term of incarceration of three to six years follow by five years [of] probation." ***Id.*** at 1284.

Here, the court imposed a sentence of, *inter alia*, 90 days to 6 months of imprisonment, followed by two years of probation. Consequently, Appellant faces the potential of serving up to 2 years and six months' punishment for his DUI offenses, thereby exceeding the statutory maximum punishment of six months for DUI-Accident. Therefore, we agree with Appellant that his sentence for DUI is illegal. Accordingly, we vacate the sentence and remand for resentencing.

## Illegal Sentence – DUS Conviction

In his fourth issue, Appellant asserts that his DUS sentence was illegal because the statutory maximum for a first time violation of Section 1543(b)(1.1), a summary offense, is 90 days. Appellant's Br. at 31-32.

Sections 1543 and 6503 provide the penalties for summary offense DUS violations. Subsection 1543(b) provides, in relevant part, that a court shall

impose a term of "imprisonment for a period of **not less than** 90 days." 75 Pa.C.S. § 1543(b)(1.1) (emphasis added). Thus, contrary to Appellant's contention, 90 days' incarceration is the statutory **minimum**, not the statutory maximum.[11, 12] Accordingly, Appellant's issue as stated warrants no relief.

However, our analysis of the legality of Appellant's DUS sentence does not end there. This Court may review issues regarding the legality of sentence *sua sponte*, including whether a term of punishment exceeds the statutory maximum. **Commonwealth v. Watley**, 81 A.3d 108, 118 (Pa. Super. 2013).

Section 6503 provides that the maximum punishment for a summary offense DUS is no more than six months' imprisonment. 75 Pa.C.S. §§ 6503(a), (a.1). As noted above, the total amount of time imposed in a split

---

[11] No part of Subsection 1543(b) provides a maximum penalty for a violation of Subsection 1543(b)(1.1).

[12] Appellant's reliance on 18 Pa.C.S. § 106(c) and **Commonwealth v. Klingensmith**, 650 A.2d 444 (Pa. Super. 1994) is misplaced. We note that 18 Pa.C.S. § 106(c) provides that the maximum penalty for a summary offense is 90 days. However, Section 6502 of the Vehicle Code specifically states that the provisions of the Crimes Code relating to fines and imprisonment for convictions of summary offenses are not applicable to violations of the Vehicle Code. 75 Pa.C.S. § 6502(c); **Commonwealth v. Lyons**, 576 A.2d 1105, 1106 (Pa. Super. 1990). Further, this Court in **Klingensmith** determined that Section 1543(b) permitted a court to impose a flat sentence of 90 days for driving with a suspended license in violation of Section 1543(b). 650 A.2d at 447. We noted that the mandatory minimum was 90 days, but did not address whether there was a statutory maximum. **Id.**

sentence cannot exceed the statutory maximum. *Crump*, 995 A.2d at 1283-84.

Here, the court imposed a sentence of 90 days to 6 months' imprisonment plus two years' probation for Appellant's DUS conviction. Since the addition of two years' probation exceeds the six-month statutory maximum, Appellant's DUS sentence is illegal. Accordingly, we vacate the DUS sentence and remand for resentencing.

## Conclusion

In sum, we affirm Appellant's DUI and DUS convictions. We vacate the judgments of sentence for the DUI and DUS, and remand for resentencing.

Convictions affirmed; Judgments of Sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/19